In re:                                                                       Case No. 24-01464-HWV

Keith David Dumont                                                           Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1       User: AutoDocke      Page 1 of 3

Date Rcvd: Aug 16, 2024       Form ID: pdf002      Total Noticed: 36

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 18, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Keith David Dumont, 436 C Street, Carlisle, PA 17013-1833 |
| 5632933 | + | Ally Financial, PO Box 71119, Charlotte, NC 28272-1119 |
| 5623767 | + | Blue Mountain Anesthesia Group c/o, National Recovery Agency 2491 Paxton St, Harrisburg, PA 17111-1036 |
| 5632938 | + | Cynthia M. Dumont, 436 C Street, Carlisle, PA 17013-1833 |
| 5623772 | + | Edmund Oil, 501 Shatto Drive, Carlisle, PA 17013-2108 |
| 5623764 | + | Erik M. Helbing, 109 West Broad Street, Tamaqua, PA 18252-1916 |
| 5623777 | + | Lendmark Financial, 1075 Harrisburg Pike Suit 102, Carlisle, PA 17013-1689 |
| 5623778 | + | Mariner Finance, 40 Noble Blvd Suit 22, Carlisle, PA 17013-4122 |
| 5632947 | + | Resurgent Receivables/CIT Bank/Dell, PO Box 10587, Greenville, SC 29603-0587 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5623765 | + | Email/Text: ally@ebn.phinsolutions.com | Aug 16 2024 18:38:00 | Ally Bank, Detroit Center 500 Woodward Ave, Deroit, MI 48226-3416 |
| 5624363 | + | Email/PDF: acg.acg.ebn@aisinfo.com | Aug 16 2024 18:46:54 | Ally Bank, AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5644276 | + | Email/PDF: acg.acg.ebn@aisinfo.com | Aug 16 2024 18:46:53 | Ally Bank c/o AIS Portfolio Services, LLC, 4515 N. Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5623766 | + | Email/Text: ally@ebn.phinsolutions.com | Aug 16 2024 18:38:00 | Ally Financial, P.O. BOX 380901, Minneapolis, MN 55438-0901 |
| 5632932 | + | Email/Text: ally@ebn.phinsolutions.com | Aug 16 2024 18:38:00 | Ally Financial, PO Box 380902, Minneapolis, MN 55438-0902 |
| 5623769 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Aug 16 2024 18:46:58 | Capital One, P.O. Box 30285, Salt Lake City, UT 84130-0285 |
| 5623768 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Aug 16 2024 18:46:53 | Capital One, P.O. Box 31293, Salt Lake City, UT 84131-0293 |
| 5627353 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Aug 16 2024 18:46:59 | Capital One N.A., by AIS InfoSource LP as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 5623771 | + | Email/Text: documentfiling@lciinc.com | Aug 16 2024 18:38:00 | Comcast, PO Box 70219, Philadelphia, PA 19176-0219 |
| 5633043 | + | Email/Text: bankruptcyreports@wakeassoc.com | Aug 16 2024 18:38:00 | DBA US Digestive Health, c/o Wakefield & Associates, LLC, PO BOX 58, FORT MORGAN CO 80701-0058 |
| 5645186 | | Email/Text: BKSPSElectronicCourtNotifications@spservicing.com | Aug 16 2024 18:39:00 | Federal Home Loan Mortgage Corporation, at. el, c/o Select Portfolio Servicing, Inc., P.O. Box |

| Recip ID | Bypass | Notice Type | Date/Time | Name and Address |
|---|---|---|---|---|
| | | | | 65250, Salt Lake City UT 84165-0250 |
| 5623773 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Aug 16 2024 18:38:00 | Internal Revenue Service, Bankruptcy Notices P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 5631547 | | Email/Text: JCAP_BNC_Notices@jcap.com | Aug 16 2024 18:38:00 | Jefferson Capital Systems, LLC, PO Box 7999, St Cloud, MN 56302-9617 |
| 5623774 | + | Email/Text: JCAP_BNC_Notices@jcap.com | Aug 16 2024 18:38:00 | Jefferson Capital System, 200 14th Ave, Sartell, MN 56377-4500 |
| 5623775 | ^ | MEBN | Aug 16 2024 18:35:36 | KML Law Group, P.C., 701 Market Street Suite 5000, Philadelphia, PA 19106-1541 |
| 5623776 | | Email/Text: bk@lendmarkfinancial.com | Aug 16 2024 18:38:00 | Lendmark, 2118 Usher St, Covington, GA 30014 |
| 5630708 | + | Email/Text: bankruptcy@marinerfinance.com | Aug 16 2024 18:38:00 | Mariner Finance, LLC, 8211 Town Center Drive, Nottingham, MD 21236-5904 |
| 5623779 | + | Email/PDF: cbp@omf.com | Aug 16 2024 18:46:53 | One Main Financial, PO Box 1010, Evansville, IN 47706-1010 |
| 5629075 | + | Email/PDF: cbp@omf.com | Aug 16 2024 18:46:54 | OneMain Financial, PO Box 3251, Evansville, IN 47731-3251 |
| 5623780 | ^ | MEBN | Aug 16 2024 18:35:16 | Prestige, 351 West Opportunity Way, Draper, UT 84020-1399 |
| 5623781 | ^ | MEBN | Aug 16 2024 18:35:29 | Prestige Financial, 351 W Opportunity Way, Draper, UT 84020-1399 |
| 5624409 | | Email/PDF: resurgentbknotifications@resurgent.com | Aug 16 2024 18:46:48 | Resurgent Receivables, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 5623782 | + | Email/Text: BKSPSElectronicCourtNotifications@spservicing.com | Aug 16 2024 18:39:00 | SPS, PO Box 65250, Salt Lake City, UT 84165-0250 |
| 5623783 | ^ | MEBN | Aug 16 2024 18:36:08 | UPMC, PO BOX 2353, Harrisburg, PA 17105-2353 |
| 5644309 | | Email/PDF: ebn_ais@aisinfo.com | Aug 16 2024 18:46:55 | Verizon, by American InfoSource as agent, PO Box 4457, Houston, TX 77210-4457 |
| 5623784 | + | Email/Text: bnc-bluestem@quantum3group.com | Aug 16 2024 18:38:00 | Webbank Fingerhut, 13300 Poineer Trail, Eden Prairie, MN 55347-4120 |
| 5623785 | + | Email/Text: documentfiling@lciinc.com | Aug 16 2024 18:38:00 | Xfinity, 676 Island Pond Rd, Manchester, NH 03109-5420 |

TOTAL: 27

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 5623770 | | Capital One |
| cr | *+ | Ally Bank c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5632931 | *+ | Ally Financial, P.O. BOX 380901, Minneapolis, MN 55438-0901 |
| 5632934 | *+ | Blue Mountain Anesthesia Group c/o, National Recovery Agency 2491 Paxton St, Harrisburg, PA 17111-1036 |
| 5632936 | *+ | Capital One, P.O. Box 30285, Salt Lake City, UT 84130-0285 |
| 5632935 | *+ | Capital One, P.O. Box 31293, Salt Lake City, UT 84131-0293 |
| 5632937 | *+ | Comcast, PO Box 70219, Philadelphia, PA 19176-0219 |
| 5632939 | *+ | Edmund Oil, 501 Shatto Drive, Carlisle, PA 17013-2108 |
| 5632930 | *+ | Erik M. Helbing, 109 West Broad Street, Tamaqua, PA 18252-1916 |
| 5632940 | * | Internal Revenue Service, Bankruptcy Notices P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 5632941 | *+ | Jefferson Capital System, 200 14th Ave, Sartell, MN 56377-4500 |
| 5632942 | *+ | KML Law Group, P.C., 701 Market Street Suite 5000, Philadelphia, PA 19106-1541 |
| 5632943 | *P++ | LENDMARK FINANCIAL SERVICES, 2118 USHER ST, COVINGTON GA 30014-2434, address filed with court:, Lendmark, 2118 Usher St, Covington, GA 30014 |

| | | |
| --- | --- | --- |
| 5632944 | *+ | Mariner Finance, 8211 Town Center Dr, Nottingham, MD 21236-5904 |
| 5632945 | *+ | One Main Financial, PO Box 1010, Evansville, IN 47706-1010 |
| 5632946 | *+ | Prestige Financial, 351 W Opportunity Way, Draper, UT 84020-1399 |
| 5632948 | *+ | SPS, PO Box 65250, Salt Lake City, UT 84165-0250 |
| 5632949 | *+ | UPMC, PO BOX 2353, Harrisburg, PA 17105-2353 |
| 5632950 | *+ | Webbank Fingerhut, 13300 Poineer Trail, Eden Prairie, MN 55347-4120 |
| 5632951 | *+ | Xfinity, 676 Island Pond Rd, Manchester, NH 03109-5420 |

TOTAL: 1 Undeliverable, 19 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 18, 2024       Signature:       /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 16, 2024 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Brent J Lemon | on behalf of Creditor Federal Home Loan Mortgage Corporation as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2020-1 blemon@kmllawgroup.com |
| Erik Mark Helbing | on behalf of Debtor 1 Keith David Dumont ehelbing@helbingconsumerlaw.com bk@helbingconsumerlaw.com;bkecf@helbingconsumerlaw.com;helbing.erikb132500@notify.bestcase.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

Rev. 12/01/19

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Keith D. Dumont

CHAPTER 13
CASE NO. 1:24-bk-1464

☒ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | Included | Not Included |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ | ☒ |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ | ☒ |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ | ☒ |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $__ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $42,420.01, plus other payments and property stated in § 1B below:

   | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 1 | 60 | 707.00 | 0.00 | 707.00 | 42,420.00 |
   | | | | | | |
   | | | | | | |
   | | | | | | |
   | | | | | | |
   | | | | | Total Payments: | $42,420.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        ☒ Debtor is over median income. Debtor estimates that a minimum of $<u>0.00</u> must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B.**    <u>Additional Plan Funding From Liquidation of Assets/Other</u>

    1. The Debtor estimates that the liquidation value of this estate is $<u>204.24</u>. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☒ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
    _____

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
    _____

**2.**    **SECURED CLAIMS.**

    **A.**    <u>Pre-Confirmation Distributions.</u> *Check one.*

☒ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    **B.**    <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.</u> *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Prestige Financial | 2020 Nissan Rogue 91500 miles | 3393 |
| SPS | 436 C Street, Carlisle, PA 17013 Cumberland County CMA value $203,670.00.  50% of Equity belongs to Debtor; 10% Theoretical cost of sale $20,367.00 from value $183303.00 divided by 2 makes debtors portion of the value $91651.50Ex-wife's name on Deed with Debtor-only Debtor on mortgage loan | 3941 |

    **C.**    <u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence)</u>. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that

collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| SPS | 436 C Street, Carlisle, PA 17013 Cumberland County CMA value $203,670.00. 50% of Equity belongs to Debtor; 10% Theoretical cost of sale $20,367.00 from value $183303.00 divided by 2 makes debtors portion of the value $91651.50 Ex-wife's name on Deed with Debtor- only Debtor on mortgage loan | $30,000.00 | $0.00 | $30,000.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Mariner Finance | 2003 Ford Mustang Debtor is not on title to vehicle; Debtor used vehicle as collateral for NPMSI Loan with Mariner; Vehicle belongs to Daughter | $1,904.68 | 24.92% | $3,348.66 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*
☒ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

☒ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Ally Financial | 2013 Chevrolet Equinox 54000 miles Ex-wife has possession. Debtor has TRO against her and her whereabouts are unknown. Debtor not on the title just on loan. Debtor to surrender interest in vehicle |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

Rev. 12/01/19

☒ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

    1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. Attorney's fees. Complete only one of the following options:

        a. In addition to the retainer of $ 1,000.00  already paid by the Debtor, the amount of $ 3,000.00  in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
        *Check one of the following two lines.*

    ☒ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    B. **Priority Claims (including, certain Domestic Support Obligations)**

    ☒ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

    ☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
       *Check one of the following two lines.*

    ☒ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☒ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE: (Check one)**

4

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                                                                                      Best Case Bankruptcy

Case 1:24-bk-01464-HWV    Doc 24    Filed 08/18/24    Entered 08/19/24 00:21:50    Desc
Imaged Certificate of Notice    Page 7 of 8

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.  ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:     _____
Level 2:     _____
Level 3:     _____
Level 4:     _____
Level 5:     _____
Level 6:     _____
Level 7:     _____
Level 8:     _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     Timely filed general unsecured claims.
Level 8:     Untimely filed general unsecured claims to which the Debtor has not objected.

**9.     NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

| Dated: | July 26, 2024 | /s/ Erik M. Helbing |
| --- | --- | --- |
| | | Erik M. Helbing 203832 |
| | | Attorney for Debtor |
| | | /s/ Keith D. Dumont |
| | | Keith D. Dumont |
| | | Debtor |

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5