UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: KEITH DAVID DUMONT, | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS, | : | |
| STANDING CHAPTER 13 TRUSTEE, | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| KEITH DAVID DUMONT, | : | |
| Respondent | : | CASE NO. 1-24-bk-01464 |

TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN
FILED ON OCTOBER 8, 2024

AND NOW, this 6th day of November, 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, who objects to the confirmation of the above-referenced Debtor's Plan for the following reason:

1. The Debtor's Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the Debtor has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

the Trustee alleges and avers that the Debtor's disposable income is greater than that which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

a. Health care – Lines 7 and 22 (verification);
b. Telecommunication services – Line 23 (verification); and
c. Proof of Life Insurance expense – Line 18.

2. Failure to properly state the liquidation value in Section 1B of the Plan. Should be $45,009.00.

3. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Mean Test.

4. The Debtor's Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the Debtor has excess non-exempt equity in the following:

  a. Residential real estate. The Trustee has requested proof of the value of the Debtor's home as stated in his schedules. Need proof of value.

5. The Trustee avers that the Debtor's Plan is not feasible based upon the following:

  a. The Plan is underfunded relative to claims to be paid.

6. The Trustee avers that the Debtor's Plan cannot be administered due to the lack of the following:

  a. Pay stubs for the months of November and December 2023.

7. The Trustee provides notice to the Court as to the ineffectiveness of the Debtor's Chapter 13 Plan for the following reasons:

  a. Clarification of vesting of property. Because non-exempt equity exists, the Plan should provide for vesting at closing. Accordingly, the Plan violates § 1325(a)(4).

WHEREFORE, the Trustee alleges and avers that the Debtor's Plan cannot be confirmed, and therefore, the Trustee prays that this Honorable Court will:

  a. deny confirmation of the Debtor's Plan;
  b. dismiss or convert the Debtor's case; and
  c. provide such other relief as is equitable and just.

  Respectfully submitted:

  Jack N. Zaharopoulos
  Standing Chapter 13 Trustee
  8125 Adams Drive, Suite A
  Hummelstown, PA 17036
  (717) 566-6097

BY:  /s/Douglas R. Roeder
  Attorney for Trustee

CERTIFICATE OF SERVICE

    AND NOW, this 6th day of November, 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Erik Mark Helbing, Esquire
109 West Broad Street
Tamaqua, PA 18252

                /s/Derek M. Strouphauer, Paralegal
                Office of Jack N. Zaharopoulos
                Standing Chapter 13 Trustee